DAVID B. BARLOW, United States Attorney (#13117)
STEWART C. WALZ, Assistant United States Attorney (#3374)
KARIN M. FOJTIK, Assistant United States Attorney (#7527)
JARED C. BENNETT, Assistant United States Attorney (#9097)
185 South State Street, #300
Salt Lake City, Utah 84111
Telephone: (801) 524-5682

Attorneys for the United States of America

---

IN THE UNITED STATES DISTRICT COURT, DISTRICT OF UTAH
CENTRAL DIVISION

---

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>GENWAL RESOURCES, INC.,<br><br>　　　　　Defendant. | Case No.<br><br>**INFORMATION**<br><br>30 U.S.C. § 820(d) (willful violation of a mandatory health and safety standard)<br><br>Case: 2:12cr00113<br>Assigned To : Sam, David<br>Assign. Date : 3/9/2012<br>Description: USA v. Genwal Resources |

The United States Attorney charges:

At all times material to this Information:

    1.    Defendant GENWAL Resources, Inc. ("GENWAL") was the corporate operator of a coal mine at Crandall Canyon ("the Mine"), as defined in 30 U.S.C. §§ 802(d), 820(c), (d), and was subject to the provisions of the Federal Mine Safety and Health Act ("the Act") under 30 U.S.C. § 803, in that GENWAL extracted products from the Mine that entered into or affected interstate commerce.

    2.    The Act and its implementing regulations set forth mandatory health and

safety standards to which each operator and its agents must adhere. These standards require the mine operator to report accidents with 15 minutes after they occur. 30 C.F.R. § 50.10 (2007). Under the Act's implementing regulations, an "accident" includes "[a] coal or rock outburst that causes withdrawal of miners or which disrupts regular mining activity for more than one hour." 30 C.F.R. § 50.1(h)(9).

3. These standards also require that the operator adhere to a roof control plan that has been approved by the federal Mine Safety and Health Administration ("MSHA") to protect the miners who work underground. 30 C.F.R. § 75.220.

4. On March 10, 2007, a seismic event occurred at the Mine that caused a coal or rock outburst that disrupted regular mining activity for more than one hour and caused the Mine to permanently withdraw miners from the affected area.

5. On June 15, 2007, MSHA approved an amendment to the roof control plan that authorized GENWAL to conduct secondary mining or pillar recovery operations in an area of the Mine known as Main West South Barrier. This approved roof control plan amendment prohibited GENWAL from mining the barrier pillar between crosscuts 142-139 in the No. 1 entry.

6. Paragraphs 1-5 are incorporated into each count of this Information.

## COUNT I
## 30 U.S.C. § 820(d)
### (Violation of a Mandatory Health or Safety Standard)

7. On or about March 10, 2010, in the Central Division of the District of Utah,

**GENWAL RESOURCES, INC.,**

defendant herein, willfully violated a mandatory health and safety standard by failing to report an accident to MSHA within 15 minutes after GENWAL knew or should have known that an accident

2

had occurred; all in violation of 30 U.S.C. § 820(d); 30 C.F.R. § 50.10.

## COUNT II
## 30 U.S.C. § 820(d)
### (Violation of Mandatory Health or Safety Standard)

8. On or about August 3, 2007, in the Central Division of the District of Utah,

**GENWAL RESOURCES, INC.,**

defendant herein, willfully violated a mandatory health and safety standard in the area of the Mine known as Main West South Barrier by violating the approved roof control plan to wit: mining the barrier pillar in the No. 1 entry between crosscuts 142-139; all in violation of 30 U.S.C. § 820(d); 30 C.F.R. § 75.220.

DATED this 9th day of March 2012.

DAVID B. BARLOW
United States Attorney

STEWART C. WALZ
KARIN M. FOJTIK
JARED C. BENNETT
Assistant United States Attorneys